SARAH G. P. POOL *v.* E. S. P. POOL *et al.*

WILL. *Life estate.* A wife takes only a life estate under the follow-
ing clause of her husband's will: " I give and bequeath to my be-
loved wife all my estate, real, personal and mixed, to her use and
benefit for and during her natural life, and at her death whatever
may be left after paying all my debts, to be equally divided between
our children."

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville.    A.
G. MERRITT, Ch.

J. C. BRADFORD for complainant.

EAST & FOGG for defendants.

COOPER, J., delivered the opinion of the court.

The chancellor dismissed the bill in this case, and
the complainant appealed.    The case turns upon the
construction of the following clause in the will of the
complainant's husband: "I give and bequeath to my
beloved wife, Sarah, all my estate, both real, personal
and mixed, to her use and benefit for and during her
natural life, and at her death whatever may be left
after paying all my debts, to be equally divided be-
tween our eleven children."    The question is whether
the wife takes the property devised absolutely, with a
power of disposition, or only a life estate with remain-
der to her children.

Pool v. Pool.

The principle, upon which the complainant relies to sustain her claim to the property absolutely, was settled in *Smith* v. *Bell*, M. & Y., 302, and has since been adhered to in this State as a rule of property. The bequest in that case was of personalty to the testator's wife, "to and for her own use, benefit and disposal absolutely, the remainder of said estate after her decease" to be for the use of J. G. And the principle settled was, that if the first taker is given an absolute estate in the property devised, a limitation over is void, because inconsistent with the interest given to the first taker. The ruling was, however, afterwards extended to cases where the devise was for life but with an unlimited power of disposal: *Davis* v. *Richardson*, 10 Yer., 290. It was otherwise if the power of disposition was limited or contingent: *Pillow* v. *Rye*, 1 Swan, 185: *McGavock* v. *Pugsley*, 12 Heis., 689; S. C., 1 Tenn. Ch., 410; *Henderson* v. *Vaulx*, 10 Yer., 29. And the power, which will defeat an executory devise, must be given by the will itself, and not a power merely attaching as a legal incident to the estate given by the will: *Brown* v. *Hunt*, 12 Heis., 404. If the devise be of real and personal estate for life, the personal estate being .in part consumable in the use, or of being worn out, and the devise over is of the property "which may remain," the first taker will only have a life estate: *Ballentine* v. *Spear*, 2 Baxt., 269.

The devise in the case before us is plainly to the wife for life, and the devise over of all the estate, real, personal and mixed, and therefore within the decision last

cited. It goes further and gives to the children, after the death of the wife, " whatever may be left after paying all my debts." The power of disposition is clearly only for the payment of the testator's own debts. There is no general power of dispostion conferred on the first taker.

The chancellor's decree is correct, and will be affirmed with costs.